IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES JERMAINE PRUITT                                                                    PLAINTIFF

V.                          CASE NO.: 3:09CV00046 SWW/BD

CRAIGHEAD COUNTY
DETENTION CENTER, et al.                                                              DEFENDANTS

## ORDER

On April 10, 2009, Plaintiff filed this action under 42 U.S.C. § 1983 (docket entry #1). Upon review of the record, the Court notes that Plaintiff has not filed a motion to proceed *in forma pauperis* or paid the statutory filing fee. The statutory filing fee for a complaint under 42 U.S.C. § 1983 is $350.00.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the $350.00 statutory filing fee. 28 U.S.C. §1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). The PLRA requires that Plaintiff submit a proper and complete application to proceed *in forma pauperis*, along with a calculation sheet, prepared and signed by an authorized officer of the correctional facility where he is being held. Based on information contained in the application and calculation sheet, the Court will assess an initial, partial filing fee if sufficient funds exist and will direct the future collection of monthly installment payments until the filing fee is paid in full. 28 U.S.C § 1915(b)(1)-(2). If the prisoner's case is subsequently dismissed for any reason,

including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.

In addition to addressing the filing fee, the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b). To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

As written, Plaintiff's Complaint fails to state a claim for relief. It appears Plaintiff is attempting to allege a violation of his right to equal protection. "The heart of an equal protection claim is that similarly situated classes of inmates are treated

differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990). Plaintiff fails to describe his membership in a protected class, the basis of the alleged discrimination, or the specific offending conduct of each Defendant. Accordingly, Plaintiff is ordered to file an amended complaint providing this information.

Plaintiff must file an amended complaint and a complete application to proceed *in forma pauperis,* or pay the filing fee of $350.00, within thirty (30) days of the entry of this Order. The Clerk of Court is directed to forward Plaintiff an *in forma pauperis* application, along with a copy of this Order. Plaintiff is cautioned that failure to fully and timely comply with this Order may result in dismissal of this case without prejudice under Local Rule 5.5(c)(2).[1]

IT IS SO ORDERED this 15th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.